UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KYLE LOH, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1-22-CV-00300-DII |
| § | |
| ALLSTATE INDEMNITY § | |
| COMPANY, § | |
| *Defendant* § | |
| § | |
| § | |

## ORDER

Before the Court is Plaintiff Kyle Loh's ("Loh") Opposed Motion for Leave to File Plaintiff's First Amended Complaint, Dkt. 17, and all related briefing. After reviewing these filings, and the relevant law, the undersigned issues the following order denying Loh's motion.

### I. BACKGROUND

This case is an insurance dispute arising from Loh's homeowner's insurance policy issued by Defendant Allstate Indemnity Company. Loh sued Allstate in the 201st District Court of Travis County on February 22, 2022, and Allstate removed the case to this Court on March 30, 2022, on diversity grounds. Dkts. 1-4, at 2; 1, at 1. Under the parties' Scheduling Order issued by the District Court, the deadline for amended pleadings was January 15, 2023, discovery closes January 30, 2024, and trial is scheduled for June 2024. Dkt. 15, at 1, 3.

Loh moves for leave to file his First Amended Complaint ("FAC") "to include additional details." Dkt. 17, at 2. Loh represents that his proposed FAC does not add

1

new parties or new causes of action. *Id.* He also states that he has conferred with Allstate about the proposed modifications and Allstate opposes his motion for leave because it disagrees with legal positions taken by Loh in four separate paragraphs of the proposed FAC. *Id.*

Allstate's specific points of opposition are detailed in an email attached to Loh's motion. *See* Dkt. 17-2. The grounds for Allstate's opposition as represented to Loh in the email from Allstate are as follows:

- FAC para. 7 – "Allstate also had the duty to pay for damages caused by a covered peril under the policy on a replacement cost value basis..." This is legally and factually inaccurate. This policy pays on an actual cash value unless the property is repaired or replaced.

- FAC para. 19 – This policy does not state the appraisal award must be "paid within 5 business days of the entry of the award." This is factually inaccurate. Rather, this policy includes the "Our Settlement of Loss" provision which states "If we notify you that we will pay your claim, or part of your claim, we must make payment not later than the 5th business day after we notify you."

- FAC para. 26 – again, there is no legal or factual basis to seek recovery of costs related to appraisal. Appraisal costs are not recoverable per the terms of this policy which states: "Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses."

- FAC para. 27 – again, there is no legal or factual basis to this argument. The way Plaintiff has pleaded this paragraph is also intentionally misleading, considering that Allstate paid the appraisal award immediately after receipt. The "increased cost of construction" argument does not make sense in this context because the appraisal award itself was issued and paid a year after the DOL and accounted for any purported increased cost of construction since the DOL. Plaintiff's appraiser signed the award, and Allstate immediately paid it per the policy. If Plaintiff thinks that his own appraiser committed fraud in signing the award or that he signed an inaccurate award, Plaintiff could have moved to set it aside.

*Id.* at 1.

Allstate's response to Loh's motion outlines several more factual and legal issues with Loh's proposed FAC concerning Allstate's subjective awareness while processing Loh's claim, inapplicable policy provisions, specific details of the appraisal panel's findings, and whether or not Loh made a lost income claim as pleaded in his proposed FAC. Dkt. 19, at 3-6.

Allstate opposes Loh's motion for three reasons, primarily: (1) Loh should not "present inaccurate factual and legal statements to the Court at any time, but certainly not after Allstate has specifically pointed out the offending statements"; (2) Loh does not have good cause for seeking leave to amend after the amended pleadings deadline; (3) Allstate is prejudiced by the new factual and legal inaccuracies of Loh's proposed FAC because it "must now spend time refuting these baseless allegations" regardless of Loh's argument that "Allstate should have enough time to refute them through discovery and motion practice." *Id.* at 7-9.

## II.   DISCUSSION

Once a scheduling order deadline to amend pleadings passes, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2006). The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enter. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535-36 (5th Cir. 2003). Further, the Court is afforded "broad discretion to preserve the integrity and

3

purpose of the pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." *Id.* (internal citations and quotation marks omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order deadline to amend pleadings will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave," that is "leave to amend should be freely given." *Id.*; *Hawthorne Land Co.*, 431 F.3d at 227.

Here, Loh's request for leave to amend to "add additional details" is untimely. Dkt. 17, at 2. The current Scheduling Order sets a deadline of January 15, 2023, for the parties to file any motion seeking leave to amend. Dkt. 15, at 1. While the current Scheduling Order was not signed and issued by the District Court until January 17, 2023, on October 2, 2022, the District Court issued an order setting a pretrial conference and stated: "[t]he parties' proposed scheduling order is tentatively approved and the parties shall comply with the dates set forth in paragraphs 1 through 7 of such proposed order pending the initial pretrial conference." Dkt. 11, at 1. At paragraph one, the proposed Scheduling Order states that the parties "shall file all amended or supplemental pleadings … on or before January 15, 2023." Dkt. 9-1, at 1. Therefore, Loh has been aware at least since October 2, 2022, that the parties' deadline for amended pleadings was January 15, 2023.

Loh cites Rule 15 in his motion and argues that leave to amend "should be freely and liberally given when justice so requires. Dkt. 17, at 3 (citing Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)). However, Rule 15 does not govern requests for leave to amend

4

filed after the expiration of the deadlines in a scheduling order. As stated above, such requests are governed by Rule 16(b), which requires a showing of "good cause." *S & W Enter.,* 315 F.3d at 536. The factors that are considered under Rule 16(b) when determining whether a litigant has demonstrated "good cause" for not meeting a scheduling order deadline are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

Loh addresses only factors three and four, arguing that his proposed FAC does not prejudice Allstate because it does not raise new factual issues, claims, or subject matters, but instead "add[s] more factual matter" to the complaint. Dkt. 17, at 4. As to factor four, Loh merely states that Allstate "still has 8 months to conduct discovery or dispute [Loh's] allegations before the close of discovery." *Id.* at 2. The undersigned finds that in failing to address two of the four good cause factors at all, Loh, as the movant, has failed to show good cause to modify the Scheduling Order deadline to amend pleadings under Rule 16(b). Accordingly, the more liberal standard of Rule 15(a), that leave to amend should be "freely given," does not apply. *See Hawthorne Land Co.*, 431 F.3d at 227. Loh's motion should be denied.[1]

---

[1] Historically, in the Fifth Circuit, courts assume a motion for leave to amend that disposes of an existing cause of action, counterclaim, or defense falls outside a magistrate judge's authority; however, a motion for leave to amend that does not dispose of an existing cause of action, counterclaim, or defense is within a magistrate judge's authority because it is not excepted under 28 U.S.C. § 636 and is non-dispositive as defined by Federal Rule of Civil Procedure 72. *See Pyca Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Martin v. Frail*, No. SA-09-CA-695, 2012 WL 12950505, at *1-3 (W.D. Tex. July 26, 2012); *see also Dalrymple v. U.S. Postal Serv.*, No. CV 18-14237, 2020 WL

## III. CONCLUSION

Based on the foregoing discussion, **IT IS ORDERED** that Loh's Opposed Motion for Leave to File Plaintiff's First Amended Complaint, Dkt. 17, is **DENIED.**

SIGNED June 6, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

---

1181845, at *2 (E.D. La. Mar. 12, 2020); *Carlisle v. Normand*, No. CV 16-3767, 2019 WL 3718053, at *7, n. 53 (E.D. La. Aug. 7, 2019); *Varnado v. Leblanc*, No. CV 13-348, 2016 WL 6542720, at *1, n. 3 (M.D. La. Nov. 3, 2016); *U.S. v. Parker*, No. 12-CR-002673, 2015 WL 12513430, at *14, n. 6 (W.D. Tex. Dec. 18, 2015). In this case, Loh states that his proposed FAC does not bring forth additional claims, therefore, denial of his motion to amend to file his proposed FAC does not dispose of any existing causes of action. Dkt. 17, at 3.